UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL TALLER,

                      Plaintiff,

         -v-

METLIFE GROUP INC., METROPOLITAN LIFE
INSURANCE COMPANY, METLIFE, INC.,

                      Defendants.

22 Civ. 1915 (PAE) (SN)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Samuel Taller ("Taller"), proceeding *pro se*, seeks damages and injunctive relief against defendants MetLife Group Inc., Metropolitan Life Insurance Company, and Metlife, Inc. (collectively, "defendants"). *See* Dkt. 26. On June 13, 2022, defendants moved to dismiss Taller's claims. Dkts. 39, 40, 41. On July 11, 2022, Taller opposed the motion, Dkt. 44, and on August 1, 2022, defendants replied, Dkts. 49, 50. The Court referred the motion to the Hon. Sarah Netburn, Magistrate Judge, for a Report and Recommendation. Dkt. 47.

On January 3, 2023, Judge Netburn issued a Report and Recommendation, recommending that the Court dismiss Taller's claims on the basis that they are preempted under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), *codified at* 29 U.S.C. § 1132(a). *See* Dkt. 51 (the "Report") at 11. No parties filed objections. The Court incorporates by reference the summary of the facts provided in the Report, and, for the following reasons, adopts the Report.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Netburn's thorough and well-reasoned Report reveals no facial error in

its conclusions. The Report is therefore adopted in its entirety. Because the Report explicitly states that the parties "shall have fourteen days from the service of this Report and Recommendation to file written objections," and that "failure to file . . . timely objections will result in a waiver of those objections for purposes of appeal," Report at 11–12, the parties' failure to object operates as a waiver of appellate review as to those objections. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Netburn's January 3, 2023 Report and Recommendation in its entirety, grants defendants' motion to dismiss, and dismisses the complaint without prejudice to Taller amending his complaint to allege proper, *i.e.*, non-preempted, claims. The Court respectfully directs the Clerk of the Court to terminate the motion at docket 39 and mail a copy of this decision to Taller at the address on file.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 1, 2023
New York, New York